**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DeAngelo Parker; Regina Coleman, Chiquita Thomas; Gregory Coleman; Ksean Ewing; Maurice Robison; Percy Robison; Regina Coleman, as guardian, o/b/o Renetta Robison, ward and protected person; and Chiquita Thomas, as guardian, o/b/o D'Shawna Patterson, a minor. | Case. No. 18-cv-1809 (ECT/DTS) |
| Plaintiffs, | |
| v. | |
| Matthew Clark, Scott Gerlicher, Bruce Folkens, Michael Friestleben, James Novak, David Gray, Clinton Letch, David Mathes, Charles Adams, Jonathan Kingsbury, Nicolas Torborg, Cory Taylor, Christopher Cushenbery, Adam Hakanson, Grant Johnson, Mark Kaspszak, Oscar Macias, George Judkins, Cole Peterson, Joseph Klimmek, Blayne Lehner, Michael Nordin, and John Does 1-20, and Jane Does 21-40, personally, individually, in their capacity as Minneapolis police officers and agents, and the City of Minneapolis, | **REPORT AND RECOMMENDATION FOR APPROVAL AND DISTRIBUTION OF SETTLEMENT AS TO A MINOR, D'SHAWNA PATTERSON, AND A WARD, REANETTA ROBISON** |
| Defendants. | |

This matter came before this Court on a Petition for Approval and Distribution of Settlement ("Petition"). Based on all of the files, records, submissions and arguments, herein, the Court makes the following:

1

**FINDINGS OF FACT**

1.  The Petition was brought for D'Shawna Patterson ("Patterson"), a minor, by her parent Chiquita Thomas ("Thomas"), and by Reanetta Robison ("Robison"), a ward, by her guardian Regina Coleman ("Coleman").

2.  Thomas and Coleman are together referred to as Petitioners herein, and they each verified the Petition.

3.  Thomas is the parent and natural guardian of a minor, Patterson, born January 29, 2006.

4.  Coleman is the court-appointed general guardian of Robison, born May 21, 1986, in Hennepin County Court File No. 27-GC-PR-07-549 ("Guardianship Action.").

5.  Through Petitioners, Patterson and Robison are plaintiffs in this case.

6.  In this case, Patterson and Robison, together with seven other plaintiffs, alleged that on February 21, 2015, they were wrongfully detained by the Defendants. Defendants answered and denied the allegations as set forth in the answers.

7.  At a settlement conference with Magistrate Judge David Schultz, on November 19, 2018, all of the plaintiffs, including Petitioners on behalf of Patterson and Robison, agreed to settle their claims in exchange for payment of $67,500.00, which, after payment of attorney fees and costs of $22,500.00, would result in net recovery to the plaintiffs of $45,000.00, or $5,000.00 per plaintiff as plaintiffs agreed to share the settlement proceeds equally.

8.  Neither Patterson nor Robison sought any medical attention related to the February 21, 2015 detention, and therefore there are no medical records showing the

2

nature of any injury, recovery, or prognosis, and thus there are no collateral sources covering any part of the principal or derivative claims, and no subrogation rights asserted.

Based on the foregoing Findings of Fact, the Court reaches the following:

## CONCLUSIONS OF LAW

1. Section 540.08 of the Minnesota Statutes states that "[a] parent may maintain an action for the injury of a minor son or daughter," and that a "guardian may maintain an action for an injury to the ward."

2. Section 540.08 of the Minnesota Statutes states that "[n]o settlement or compromise of the action is valid unless it is approved by a judge of the court in which the action is pending."

3. To the extent the claims of Patterson and Robison are claims for injury within the meaning of section 540.08 of the Minnesota Statutes, Petitioners seek approval of the settlement from this Court.

4. The proposed settlement, including the attorney's fees and costs sought by Petitioners' attorneys, are reasonable, and the settlement was reached through a properly conducted settlement conference.

Based on the Court's Findings of Fact and Conclusions of Law, the Court issues the following:

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. The Petition be granted and the settlement be APPROVED.

2. From Patterson's $7,500.00 portion of the settlement proceeds of $67,500.00, Patterson be awarded $5,000.00, and Petitioner's attorneys be awarded

$2,500.00, subject to the further terms and conditions of this Report and Recommendation.

3. From Robison's $7,500.00 portion of the settlement proceeds of $67,500.00, Robison be awarded $5,000.00, and Petitioner's attorneys be awarded $2,500.00, subject to the further terms and conditions of this Report and Recommendation.

4. Petitioners and their attorneys are authorized to sign any releases, dismissals, or other documents necessary to effectuate the terms and conditions of the settlement.

5. Within 14 days of this Report and Recommendation or receipt of Patterson's awarded shared of the settlement proceeds, whichever is later, Thomas shall deposit the sum of $5,000.00 into an account in the name of Patterson, with a branch of the following FDIC insured financial institution: Wells Fargo Bank. Thomas shall do the following at the time of deposit:

   a. Open an account in the name of Patterson and verify that any deposit document to be issued is in the name of Patterson; and

   b. Supply the financial institution with a social security number for Patterson and a copy of this Report and Recommendation.

6. In accordance with section 540.08 of the Minnesota Statutes, as amended, upon acceptance of the money for deposit:

   a. Wells Fargo Bank shall acknowledge receipt of the deposit in the form of a deposit slip and provide it to Thomas. By accepting the deposit and providing the receipt, Wells Fargo Bank acknowledges that no

  disbursement of the funds for Patterson shall be released except to Patterson when she has reached the age of eighteen (18) or at some other date as established by an order of a court in the State of Minnesota.

  b. Thomas shall file a copy of each of the receipt, together with a copy of this Order, with the Court Administrator of the Hennepin County District Court.

7. As for $5,000.00 portion of the settlement proceeds awarded to Robison, Coleman shall use it for Robison's benefit.

Dated: January 4, 2019       s/David T. Schultz
                 DAVID T. SCHULTZ
                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).